## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LESLIE GLENN,                       :
                                    :        Hon. Joseph H. Rodriguez
            Plaintiff,              :
                                    :        Civil Action No. 08-cv-2582
      v.                            :
                                    :        **MEMORANDUM OPINION**
                                    **:**            **& ORDER**
JAMES S. LEWIS, M.D.,               :
                                    :
            Defendant.     :

      This matter comes before the Court on the motion of Defendant James S. Lewis,

M.D. to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2).  For the reasons set

forth below, the motion will be denied.

### I. Background

      On or about March 13, 2008, Plaintiff Leslie Glenn filed a medical malpractice

Complaint *pro se* in the Superior Court of New Jersey, Law Division, Camden County.

She alleged that on or about March 15, 2006, she was a patient of Defendant James S.

Lewis, M.D. in Mount Laurel, New Jersey, and that Defendant was negligent in failing to

properly diagnose Plaintiff's condition, failing to properly refer her to others, failing to

properly perform examinations and tests, failing to obtain informed consent, and

otherwise failing to provide appropriate medical care.  On May 27, 2008, Defendant

removed the case to this Court based on diversity of citizenship, as Plaintiff is a New

Jersey citizen, Defendant is a citizen of Pennsylvania, and Defendant assumed the

amount in controversy to be in excess of $75,000.  On July 9, 2008, Defendant filed the

instant motion to dismiss the Complaint for lack of personal jurisdiction pursuant to

Federal Rule of Civil Procedure 12(b)(2).

## II. Analysis

### *Standard on a Rule 12(b)(2) motion*

If a defendant raises lack of personal jurisdiction as a defense, the plaintiff has the burden of showing "sufficient facts" to establish jurisdiction is proper.  Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992).  The plaintiff meets it burden by making out a *prima facie* case of proper jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state."  Id. (citation and internal quotation marks omitted).  A plaintiff's allegations are "taken as true and factual disputes drawn in its favor" when the district court does not hold an evidentiary hearing on the jurisdictional facts.  Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

A plaintiff must make actual proofs and not just allegations of jurisdiction; it can do this with sworn affidavits and competent evidence but not on "bare pleadings alone."  Id.  (quoting Patterson v. FBI, 893 F.2d 595, 603-04 (3d Cir. 1990)).  If the plaintiff meets it burden, the defendant has to make a "compelling" case that the court exercising jurisdiction is "unreasonable."  Mellon Bank, 960 F.2d at 1226 (citations and internal quotation marks omitted).  The court must determine personal jurisdiction for each defendant, Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n.13 (1984), although it may be appropriate to examine personal jurisdiction for the claims as a whole when overlapping claims are premised upon the same facts.  See O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 318 n.3 (3d Cir. 2007).  A dismissal for lack of personal jurisdiction is not a final judgment on the merits, which would preclude the claim in another court.  Saudi v. Acomarit Mar. Servs., S.A., 245 F. Supp. 2d 662, 679 (E.D. Pa. 2003), aff'd 114 Fed. Appx. 449 (3d Cir. 2004).

***Personal Jurisdiction, Generally***

A federal court exerts personal jurisdiction to the extent authorized by the law of the state in which that court sits.  See Provident Nat'l Bank v. California Fed. Sav. and Loan Ass'n, 819 F.2d 434, 436 (3d Cir. 1987) (citing Fed. R. Civ. P. 4(e)).  The New Jersey Long-Arm Statute permits an exercise of jurisdiction to the fullest extent allowed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Nicholas v. Saul Stone & Co. LLC, 224 F.3d 179, 184 (3d Cir. 2000); N.J. Ct. R. 4:4-4.

Due process limits a state's power to assert personal jurisdiction over a nonresident defendant.  Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 413-14 (1984) (citing Pennoyer v. Neff, 95 U.S. 714 (1878)).  Due process is satisfied when a defendant has minimum contacts with a forum state, so that a court's jurisdiction over the defendant "does not offend traditional notions of fair play and substantial justice."  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation and internal quotation marks omitted).  A suit offends due process when there are no ties, contacts, or relations between the state and the defendant.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 294 (1980); Int'l Shoe, 326 U.S. at 319; see also Keeton, 465 U.S. at 780.

Two types of personal jurisdiction may be asserted over a defendant, general and specific.  Whether a court can exercise personal jurisdiction depends on "the relationship among the defendant, the forum, and the litigation."  Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002).

***General Jurisdiction***

General jurisdiction exists where a defendant has "continuous or systematic" contacts with the forum.  Helicopteros, 466 U.S. at 414 (citing Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 445 (1952)).  When such contacts are present, a court may adjudicate as to a defendant even where the controversy before the court is unrelated to the defendant's activities within the forum.  Id.  The Third Circuit has held that in order to properly exercise general personal jurisdiction over a defendant, the required contacts must be significantly more than mere minimum contacts.  See Provident Nat'l Bank, 819 F.2d at 437.  These contacts must show that the defendant carried on a continuous and substantial part of its business within the forum state.  Id. at 438.

***Specific Jurisdiction***

Specific jurisdiction is established when the cause of action arises directly out of the defendant's contacts with the forum.  Helicopteros, 466 U.S. at 414 n.8.  The threshold inquiry for specific jurisdiction is whether the defendant had sufficient "minimum contacts" with the jurisdiction.  Hanson v. Denckla, 357 U.S. 235, 253 (1958).  Minimum contacts are satisfied if "'the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefit and protection of its laws.'"  Hanson, 357 U.S. at 253 (citing Int'l Shoe, 326 U.S. at 319)).  A single contact with a state can be enough to create specific jurisdiction, as long as the connection is "substantial."  Burger King v. Rudzewicz, 471 U.S. 462, 476 n.18 (1985).  Such purposeful contact with the forum makes it reasonable for the defendant "to anticipate being haled into court there."  World-Wide Volkswagen, 444 U.S. at 297.

4

Specific jurisdiction is not satisfied, however, where the unilateral acts of the plaintiff alone bring the defendant into the forum.  Id. at 298.  Rather, a plaintiff must show "a deliberate targeting of the forum," that the defendant "purposely availed itself of conducting activities within the forum."  O'Connor, 496 F.3d at 317.

### Traditional Notions

Once it has been established that a defendant has sufficient minimum contacts with the forum, the court must decide whether the assertion of personal jurisdiction would comport with the concept of "fair play and substantial justice."  Burger King, 471 U.S. at 476 (citing International Shoe, 326 U.S. at 320).  Thus, courts may evaluate: 1) the burden on the defendant; 2) the forum State's interest in adjudicating the dispute; 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and 5) the shared interest of the several States in furthering fundamental substantive social policies.  Burger King, 471 U.S. at 476-77 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)).  See also Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113, 115 (1987) (incorporating the procedural and substantive interests of other nations).

### Arguments

In moving for dismissal, Defendant's attorney wrote that Defendant did not provide any medical care to Plaintiff in New Jersey in 2006, and had not provided medical care to her since 2002.  (Notice of Motion, ¶ 3.)  The briefing further contends that Defendant had not engaged in continuous and systematic contacts with New Jersey since 2003, when he acknowledges Defendant had an office in New Jersey where he practiced medicine.  (Def. Br., pp. 1, 5.)  Later, the brief states that any medical care Defendant provided Plaintiff occurred in Pennsylvania.  (Id. at p. 6.)

In opposition to the motion, Plaintiff points out that Defendant's factual averments in support of his motion were made neither by affidavit nor by the Defendant himself.  Further, Plaintiff has submitted an affidavit stating that she became Defendant's patient in about 2000.  She avers that she was treated initially by Defendant at his office in Mt. Laurel, New Jersey; when Defendant moved his office, Plaintiff remained a patient, and her subsequent treatment was in Elkins Park, Pennsylvania.

### Finding

The Court finds that Plaintiff has established a *prima facie* case of personal jurisdiction.  By maintaining an office in New Jersey from at least 2000 through 2003, Defendant purposefully directed his activities at residents of the forum and invoked the benefits and protections of the State's laws.  Further, resolving discrepancies in Plaintiff's favor, this litigation arises out of or relates to Defendant's medical treatment of Plaintiff, which began at his New Jersey practice.  Finally, this Court's assertion of personal jurisdiction over Defendant in this case comports with fair play and substantial justice.  Defendant has not identified any burden that would result from litigating the case in New Jersey, while the forum certainly has an interest in resolving this dispute.

### III. Conclusion

Accordingly,

IT IS ORDERED this 20th day of January 2009, that the Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is hereby **DENIED**.


_____                    /s/ Joseph H. Rodriguez
                                                    JOSEPH H. RODRIGUEZ
                                                    U.S.D.J.

6